Scott ARMSTRONG, et al., Plaintiffs,

v.

EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.

Civ. A. No. 89–142 (CRR).

United States District Court, District of Columbia.

June 8, 1993.

Michael E. Tankersley, Public Citizen Litigation Group, with David C. Vladeck, Public Citizen Litigation Group, Washington, DC, were on the briefs, for plaintiffs.

Jason R. Baron, Atty., U.S. Dept. of Justice, Civ. Div., Washington, DC, with whom Stuart E. Schiffer, Acting Asst. Atty. Gen., J. Ramsey Johnson, U.S. Atty. for the District of Columbia; and David J. Anderson, Elizabeth A. Pugh, Anthony J. Coppolino, Peter D. Coffman, and Pamela A. Moreau, Attys., U.S. Dept. of Justice, Civ. Div., Washington, DC, were on the briefs, for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

Before the Court is the Defendants' Motion for a Stay Pending Appeal of this Court's Order of May 21, 1993. 821 F.Supp. 761. The Court's Order of May 21, 1993, found the Defendants in civil contempt for failing to comply with this Court's Orders of January 6 and 11, 1993, and it ordered the Defendants to take certain steps to comply with those Orders by June 21, 1993. The Defendants argue that the balance of the equities favor a stay of the Contempt Order.

After careful consideration of the Defendants' Motion, the Plaintiffs' Opposition, and the entire record in this action, the Court, in its discretion, shall deny the Motion because the actions required by this Court's Contempt Order do not impose any irreparable injury on the Defendants, the public interest weighs against a stay of the Order, and the Defendants have not shown a likelihood of success on appeal.

The crux of this lawsuit is the preservation of the history of this country beginning with the Administrations of Presidents Reagan and Bush and, more specifically, the preservation of electronic federal records created by the Defendant agencies, including, but not limited, to the National Security Council and the Executive Office of the President. These electronic federal records include, but are not limited to, e-mail, transmit and receive logs that contain information that historians and others need to know about what essential people in the Government knew and when they knew it. The Court finds that the Defendants have dillydallied, done little and delayed for the past five months rather than make serious efforts to comply with this Court's prior Orders and the mandate expressed by the Congress of the United States in the Federal Records Act to preserve these federal records. In addition, the Court finds that the Plaintiffs' pending Freedom of Information Act claim in this suit regarding these same records weighs heavily against granting a stay because such a stay will definitely delay, and may irrevocably impair, the Plaintiffs access to these electronic federal records.

### II. BACKGROUND

On January 6 and 11, 1993, the Court granted Summary Judgment to the Plaintiffs on Counts II and III of their Third Amended Complaint, alleging claims under the Federal Records Act ("FRA"), 44 U.S.C. §§ 2101–2118, 2901–2910, 3101–3107, and 3301–3324, and the Administrative Procedures Act ("APA"). 5 U.S.C. § 701 *et seq.* The Court's Orders and Opinions on those dates held, *inter alia,* that the information on the Defendants' electronic communications systems at issue in this litigation are subject to the FRA and that the federal record keeping guidelines promulgated by the Defendant agencies violated the FRA and were arbitrary and capricious under the APA because they permitted the destruction of these electronic federal records. *See Armstrong v. Executive Office of the President,* 810 F.Supp. 335 (D.D.C.1993). The Court or-

dered, *inter alia*, the Defendant agencies and the Archivist to take all necessary steps to preserve, without erasure, all electronic federal records that were the subject of this lawsuit. These materials were preserved onto backup computer tapes pursuant to agreements between the parties, and this Court's Orders. *Id.* The Defendants requested a stay pending appeal of the January 6 and 11, 1993, Orders, which this Court and the Court of Appeals denied. *See Armstrong v. Executive Office of the President*, No. 89–142, slip op. (D.D.C. January 14, 1993); *Armstrong v. Executive Office of the President*, No. 93–5002, slip op. (D.C.Cir. January 15, 1993).

On May 21, 1993, upon motion by the Plaintiffs and after a hearing, the Court found the Defendants in civil contempt because the Defendants had not taken steps to preserve the backup tapes which contain the electronic federal record material that were ordered preserved in this litigation and because they had not promulgated new guidelines under the FRA to replace those struck down by this Court. *See Armstrong v. Executive Office of the President*, 821 F.Supp. 761 (D.D.C.1993). The Court ordered that, in order to purge themselves of contempt, the Defendants must promulgate new guidelines and take steps to preserve the backup tapes by June 21, 1993. *Id.*

The question now before the Court is whether the balance of the equities favors a stay of the Contempt Order and its requirements. The Court finds that the Defendants' request for a stay must be denied because: 1) compliance with this Court's Contempt Order will not cause irreparable injury to the Defendants; 2) the public interest does not favor a stay; and 3) the Defendants have not demonstrated a likelihood of success on the merits.[1] The Court further notes that, since this Court's decision on the merits of the Plaintiffs' FRA claims on January 6 and 11, 1993, the proceeding in this case has been

one of avoidance of responsibility by the Government bureaucracy rather than an attempt to implement the Congressional mandate of the FRA. Therefore, the Court shall not sanction any further delay by the Government in meeting its requirements under the FRA and shall deny the Motion for a Stay.

III. *THE COURT FINDS THAT THE BALANCE OF THE EQUITIES DOES NOT FAVOR A STAY OF THE CONTEMPT ORDER AS IT PERTAINS TO THE PRESERVATION OF THE BACKUP TAPES BECAUSE THE DEFENDANTS HAVE BEEN ON NOTICE THROUGHOUT THIS LITIGATION OF THEIR OBLIGATION TO PRESERVE THIS MATERIAL AND BECAUSE THEY DO NOT PRESENT ANY COGNIZABLE BASIS FOR A STAY.*

■ In finding the Defendants in civil contempt, the Court found that the Defendants had not taken sufficient steps to preserve the backup tapes at issue in this litigation. In particular, the Court found that the transfer of some 6,000 of these tapes from the Defendant agencies to the Archivist had impaired the Defendants' ability to preserve these materials and that some 300 of these tapes were in need of immediate preservation copying. *Armstrong v. Executive Office of the President*, 821 F.Supp. 761, 768 (D.D.C.1993).

The Defendants now argue that the June 21, 1993, deadline imposed by this Court for preservation copying and other remedial measures for these backup tapes places too great a burden on them. They contend that "it may not be possible to ensure that all necessary steps to preserve those tapes can be carried out by June 21." Memorandum in Support of Defendants' Motion to Stay, at 2.

The Court finds that the Defendants will not suffer irreparable injury by taking steps to preserve these tapes by June 21, 1993. The Defendants themselves admit that the

---

1. The granting of a stay is committed to the sound discretion of the Court based on the following factors: 1) whether there is the threat of imminent irreparable injury; 2) whether the balance of the hardship favors equitable relief; 3) whether the Plaintiffs may possibly succeed on the merits; 4) whether equitable relief is in the public interest. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977); *Housing Study Group v. Kemp*, 732 F.Supp. 180 (D.D.C.1990).

preservation copying ordered by this Court is "possible if no unforeseen problems arise," but they claim that "there is little margin for error in this schedule, and additional time to complete the task would be preferable and more efficient."[2] *Id.* at 12. However, simply because the Defendants may suffer harm or inconvenience, which must be *de minimis* at this stage, in complying with this Court's Orders does not mean that the balance of the equities favors a stay. Furthermore, the Defendants have recopied 114 reel tapes onto 63 new tapes, and performed a search of these materials, in just ten days in connection with a case before another Judge of this Court, *United States v. Weinberger*, Crim. No. 92–235, 1992 WL 294877, which demonstrates that such copying can be done quickly. Plaintiffs' Memorandum in Opposition to the Defendants' Motion to Stay, Exhibits A and B.

A stay is particularly inappropriate in this case because the difficulties alleged have been created by the Defendants themselves, who transferred the tapes from the Defendant agencies that have the capability to preserve these materials to the Defendant Archivist, who is only now taking steps to acquire this capability. *Armstrong v. Executive Office of the President*, 821 F.Supp. 761, 769 (D.D.C.1993). Therefore, the Defendants' desire for additional time is not enough, at this late stage of the litigation, to merit a stay of the Contempt Order.

In addition, the Court's Order of January 11, 1993 clearly stated that the Defendants must "take all necessary steps to preserve, without erasure, all electronic federal records generated at the Defendant agencies to date." *Armstrong v. Executive Office of the President*, No. 89–142, Order at 1 (January 11, 1993). The Order also stated that the Defendants "are enjoined from removing, deleting, or altering information ... including those records saved on backup tapes pursuant to two Temporary Restraining Orders entered in this case." *Id.* at 2. Furthermore, the Defendants have been on notice of their obligation to preserve these backup

tapes since the granting of the first Temporary Restraining Order in this case in 1989 and the various stipulations and orders entered in this case. *See Armstrong v. Executive Office of the President*, 810 F.Supp. 335, 338 n. 4 (D.D.C.1993). Therefore, in light of this Court's Orders and the prior history of this case, the Defendants' cannot credibly argue that preservation of these tapes is a new or unexpected requirement just imposed on them by this Court. Under these circumstances, a stay of the Contempt Order would simply be rewarding the Defendants for their failure to take proper action as required earlier in this lawsuit.

The Court also shall deny the Motion for a Stay as it pertains to these backup tapes because it finds that the preservation of the historical material on these tapes is in the public interest, and the need for immediate preservation of this material outweighs the need for additional time requested by the Defendants. *See Armstrong v. Executive Office of the President*, No. 89–142, slip op. at 7–8 (D.D.C. January 14, 1993).

Finally, the Court finds that the Defendants have failed to show a likelihood of success on the merits in appealing this Contempt Order. This Court has already denied Defendants' Motion for a Stay Pending Appeal of its Orders of January 6 and 11, 1993. *Id.* As the Contempt Order simply seeks to enforce this Court's Orders of January 6 and 11, 1993, it is unnecessary to address this issue again.

## IV. *THE COURT FINDS THAT THE BALANCE OF THE EQUITIES DOES NOT FAVOR A STAY OF THE CONTEMPT ORDER AS IT PERTAINS TO THE PROMULGATION OF NEW RECORD KEEPING GUIDELINES UNDER THE FRA BECAUSE SUCH GUIDELINES ARE REQUIRED BY THE FRA AND THE DEFENDANTS HAVE HAD OVER FIVE MONTHS TO PROMULGATE NEW GUIDELINES.*

The Contempt Order requires the Defendants to promulgate new guidelines for the

---

2. The Defendants note that this preservation copying could be performed for all the tapes except those with "physical problems," which must be contracted out to an expert laboratory. *Id.* at 11.

management of electronic federal records in the Defendant agencies by June 21, 1993. *Armstrong v. Executive Office of the President*, 821 F.Supp. 761, 765 (D.D.C.1993). The Defendants now argue that requiring new guidelines by June 21, 1993, will burden their already strained computer systems and present problems of resource allocation. The Court does not agree and finds that the balance of the equities does not favor a stay of the Contempt Order as it pertains to the promulgation of new guidelines by June 21, 1993.[3]

 First, the Court finds that the requirement that the Defendants draft new guidelines under the FRA by June 21, 1993, does not constitute irreparable injury. The Defendants' claims of hardship are based upon a series of technological changes that they claim must be made to their electronic communications systems. But as the Plaintiffs correctly note, nowhere has the Court required the Defendants to make any changes to its electronic communications systems. *See* Plaintiffs' Memorandum in Opposition to the Defendants' Motion to Stay, at 14–17. The Court has simply required the Defendant agencies to formulate proper guidelines under the FRA to replace those struck down by this Court; the Contempt

Order gave the Defendants a date certain to perform this task because they had shown no inclination to do so on their own.[4] The Court has the power to set a specific date for compliance in a civil contempt proceeding. *See NLRB v. Blevins Popcorn, Co.*, 659 F.2d 1173 (D.C.Cir.1981). Furthermore, the setting of such a deadline to enforce the injunctive relief granted to the Plaintiffs in this case is within the Court's authority under the APA. *See American Friends Serv. Comm. v. Webster*, 720 F.2d 29 (D.C.Cir.1983); *Armstrong v. Executive Office of the President*, 821 F.Supp. 761, 765, (D.D.C.1993) (citations omitted).

In addition, the Defendants' argument that requiring the promulgation of new guidelines by June 21, 1993 is unduly onerous or even impossible is especially unpersuasive because the Defendants have made this exact same argument at each point in this litigation when they have been required to take any action. In each case, these claims of hardship have later proven to be greatly overstated, and the Defendants have been able to take the necessary steps required by this Court's Orders.[5]

The Defendants contend that a stay should be granted because they have already taken sufficient steps to protect the Plaintiffs by

3. The Defendants also argue that this Court's Orders and Opinion of January 6 and 11, 1993, did not establish any actual requirement to promulgate new regulations or to formulate these guidelines by a particular date.

 However, this contention has already been addressed, and rejected, by this Court. *See Armstrong v. Executive Office of the President*, 821 F.Supp. 761 (D.D.C.1993). In rejecting this contention again here, the Court notes that the FRA itself imposes the requirement that each agency shall establish guidelines for the management of federal records, *see* 44 U.S.C. § 3102, which require, *inter alia*, that federal records must be separated from nonrecord material. *See* 36 C.F.R. §§ 1222.32(d), 1222.50(b)(7), 1234.10(g).

 In addition, the Court notes that the Defendants do not deny that they have an obligation to promulgate new and proper regulations and, in fact, have informed the Court that they will do so but make no commitment to take any particular action in this area by a date certain.

4. The Court notes that the Defendants' claim that they have been studying their electronic communications systems since this Court issued its January 6, 1993 Opinion; however, they have not made any concrete commitment to any timetable

to promulgate a new and proper set of guidelines.

 In addition, the Court notes that the Defendants did not even put forward interim record keeping guidance until after the Plaintiffs filed a Motion on April 1, 1993, requesting that this Court take action to ensure that the mandate of the January 6 and 11, 1993 Orders was being carried out. *See Armstrong v. Executive Office of the President*, 821 F.Supp. 761, 765 (D.D.C.1993). Under these circumstances, the Court finds that the Government in this case is entitled to less deference than normally would be afforded by this Court and that it is not unreasonable for the Court to require new guidelines by June 21, 1993.

5. For example, the Defendants made this claim when opposing the first Temporary Restraining Order entered in this action in 1989, and the second Temporary Restraining Order entered in this action on November 20, 1992. Similarly, the Defendants made such claims in opposing the Plaintiffs' motion for Summary Judgement, which was granted on January 6 and 11, 1993, and in seeking a Stay of the January 6 and 11, 1993, Orders.

saving all of their electronic communications onto backup tapes and promulgating interim guidance. Again, the Court does not agree. As explained in the Court's Opinion of May 21, 1993, such steps do not constitute compliance with this court's Orders of January 6 and 11, 1993. *Armstrong v. Executive Office of the President,* 821 F.Supp. 761, 764–68 (D.D.C.1993). In addition, these steps do not ensure that the Plaintiffs' rights will be adequately protected in this lawsuit. The Plaintiffs persuasively argue that guidelines under the FRA are supposed to segregate out federal record and nonrecord materials so that federal records can be stored appropriately and made available to federal agencies and the public. Plaintiffs' Memorandum in Opposition to the Defendants' Motion to Stay, at 17. Since the Defendants have not formulated new and proper FRA guidelines, all materials created by the Defendant agencies are being saved onto backup tapes, which will make any retrieval of federal records stored therein problematic, because of the volume of the information and because the tapes contain presidential records which the Defendant Archivist wishes to segregate out before the tapes are returned to the Defendant agencies. Furthermore, as the Defendants have not, to date, taken steps to ensure that these backup tapes are being properly preserved, the Defendants' contention that simply preserving these electronic record materials on backup tapes is sufficient, rings particularly hollow.

Finally, as the Court found in its prior order denying the Defendants' motion for a stay pending appeal of its Orders of January 6 and 11, 1993, the public interest favors the preservation of this important historical material. *See Armstrong v. Executive Office of the President,* No. 89–142, slip op. at 7–8 (D.D.C. January 14, 1993); 44 U.S.C. §§ 2101–2118, 2901–2910, 3101–3107, and 3301–3324. The promulgation of new guidelines will ensure that electronic federal records are preserved according to the FRA and, thus, is in the public interest. Furthermore, as explained earlier, the Court finds that the Defendants have failed to show a likelihood of success on the merits in appealing this Contempt Order.

## V. CONCLUSION

The Court finds that the Defendants have not demonstrated that the balance of the equities merits a stay of this Court's Contempt Order of May 21, 1993, pending appeal. The Court shall enter an Order of even date herewith consistent with the foregoing Opinion.

### ORDER

Before the Court is the Defendant's Motion for a Stay Pending Appeal of this Court's Order of May 21, 1993.

After careful consideration of the Defendants' Motion, the Plaintiffs' response, and the entire record in this action, and for the reasons articulated in the Memorandum Opinion of the Court of even date herewith, it is, by this Court, this 8th day of June, 1993, at 11:50 a.m.

ORDERED that the Defendants' Motion for a Stay Pending Appeal of this Court's Order of May 21, 1993, shall be, and hereby is, DENIED.